**CHANG SOO CHONG, Plaintiff**

v.

**GUAM POWER AUTHORITY, Defendant**

Civil Case No. 548-78

Superior Court of Guam

March 23, 1979

ABBATE, *Presiding Judge*

### DECISION AND ORDER

This matter came before the Court on Defendant's Motion for Partial Summary Judgment. Paul Lawlor appeared on behalf of the defendant and Lawrence Teker appeared for the plaintiff. The motion was heard before the Honorable Paul J. Abbate on January 15, 1979, and decision was reserved.

The motion concerns the right of action of plaintiff against Guam Power Authority, an instrumentality of the government of Guam. The well-recognized principle that a sovereign cannot be sued in its own courts without the consent of Legislature was established in Guam by 48 U.S.C.A. § 1421a. The issue presented by this motion is the extent to which the Legislature has waived G.P.A.'s sovereign immunity.

It is defendant's position that the relaxation of immunity is limited to the Government Claims Act, Chapter 6, Title VII of the Government Code of Guam. Therefore,

plaintiff's failure to comply with the Government Claims Act renders G.P.A. immune from suit. Plaintiff contends that G.P.A. is amenable to suit without regard to the Government Claims Act.

Guam Power Authority was established under Government Code § 21502, which provides that:

There is within, and a public corporation and autonomous instrumentality of, the Government of Guam, a Guam Power Authority.

Government Code § 21503 delineates the powers granted to G.P.A. It states that:

The Authority shall have and exercise each and all of the following powers . . . (5) . . . sue or be sued in its own corporate name.

The "sue or be sued" language seems to denote a general waiver of immunity to suit. However, Government Code § 6500.19, governing payment under the Government Claims Act, sets forth that:

Claims against . . . Guam Power Authority, . . . shall be paid only out of the funds of those agencies.

This infers that claims against G.P.A. are under the Government Claims Act.

 To resolve this ambiguity, it must initially be determined whether the "sue or be sued" language is sufficient to constitute a general waiver of immunity from suit. In *Long v. Northeast Soil Conservation District of Los Angeles*, 72 So.2d 543 (1954), the Court considered the extent to which a governmental agency with the power "to sue and be sued in the name of the district" had waived its immunity from suit. The Court held that:

. . . a Legislature, having the authority to establish an administrative or governmental agency, separate and distinct from the State as a sovereign entity, and having the right to waive immunity, can and does express that waiver when without restriction or qualification it empowers such agency to sue and be sued. . . . If the words are to be regarded as having any meaning whatsoever, they must

be given the full meaning to which they are entitled by the dignity of definition and construction. 72 So.2d at 546, 548.

The U.S. Supreme Court in *Keifer v. Reconstruction Finance Corporation and Regional Agricultural Credit Corporation*, 306 U.S. 381, 59 S.Ct. 516 at 518, analyzed the phrase "sue or to be sued" as follows:

. . . Congress has provided for not less than forty of such corporations discharging governmental functions, and without exception the authority to-sue-and-be-sued was included. Such a firm practice is partly an indication of the present climate of opinion which has brought governmental immunity from suit into disfavor, partly it reveals a definite attitude on the part of Congress which should be given hospitable scope.

The Court finds that the use of "sue or be sued" language denotes a general waiver of immunity from suit.

Thus a conflict exists when the "sue or be sued" language is read in conjunction with § 6500.19 governing payment under the Government Claims Act. The Superior Court in *Manibusan v. Guam Memorial Hospital*, Civil Case No. 285-78, faced this ambiguity as it pertained to G.M.H.A. After an evaluation of the statutory scheme, the Court held that G.M.H.A. could be sued without regard to the Government Claims Act. This case is persuasive but not binding. The Court finds it necessary to examine the legislative and administrative construction of these statutes as applied to G.P.A.

█ Unfortunately, the Guam Legislature has no record of the legislative history of these statutes. However, plaintiff has provided the Court with a transcript of the legislative debate on Bill No. 182. That Bill pertains to Guam Memorial Hospital and was enacted subsequent to the statutes in issue. In reviewing the transcript, the Court acknowledges that:

Although comments about an earlier act in a legislative committee report on a subsequent bill are not part of the legislative history

of the earlier act and therefore have less probative force than legislative history, they are entitled to consideration as an expert opinion concerning its proper interpretation. *Boosee Corp. v. United States*, 411 F.2d 231 (5th Cir. 1969).

The following germane remarks were made by Senator Joe T. San Agustin during the debate on Bill No. 182:

... that a quick check of all the authorities of all the private corporations that we have on the books of the territorial government of Guam, the phrase: "has the words to sue and be sued in its corporate name", period. The intent of all these particular phraseologies, Madame Speaker, was to preclude any suit, any claims against the "authorities" or the public corporations from going beyond the "authorities" to the government of Guam per-se ... the Guam Educational Television Corporation Act has that same phraseology but it's not exposed to the Government of Guam Claims Torts Act. The Telephone Authority has the same phraseology, but the government of Guam in its totality is not exposed to suit beyond the Authority. Commercial Port, the Airport Authority, Guam Power Authority, Guam Economic Development Authority, and for that matter, even the Guam Housing Corporation.

The Court finds that this evidences an intent that suits against G.P.A. should be without regard to the Government Claims Act.

 Administrative interpretations are also persuasive in determining statutory construction. The Court notes that:

A practical construction given by a statute by the public generally, as indicated by a uniform course of conduct over a considerable period of time, and acquiesced in and approved by a public official charged with the duty of enforcing the act, is entitled to great weight in the interpretation which should be given it, in case there is any ambiguity in its meaning serious enough to raise a reasonable doubt in any fair mind. *Hennessy v. Personal Finance Corp.*, 26 N.Y.S.2d 1072 (1941).

Cases cited by plaintiff indicate that in the past G.P.A. has acquiesced to suits outside the Government Claims Act.

599

Defendant is only presently objecting to its amenability to such suits. Similarly, G.H.C., G.H.U.R.A. and G.T.A., government of Guam public corporations which may sue or be sued in their own corporate names, have also permitted suits without regard to the Government Claims Act.

██ On final analysis, the Court concludes that G.P.A.'s waiver of sovereign immunity is not limited to the Government Claims Act. Therefore, defendant's Motion for Partial Summary Judgment is DENIED.

SO ORDERED.